

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-24-00332-CV

---

In Re Gateway Gathering and Marketing Company and Frank Rosenberg

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relators, Gateway Gathering and Marketing Company and Frank Rosenberg, filed this original proceeding to challenge an order compelling discovery responses, and an order denying reconsideration. Rosehill Operating Company, LLC, is the Real Party in Interest. On September 17, 2024, we issued an order staying the proceedings in the trial court. The parties have now filed a joint motion based on finalization of a settlement agreement. The motion requests that this Court:

a. Lift the stay of the trial court proceeding for the limited purpose of allowing the trial court to rule on [Real Party in Interest's] motion for leave to file a second amended petition and on any joint motion to dismiss with prejudice that will be filed by the parties; and

b. Dismiss this mandamus proceeding with prejudice to its refiling.

We conclude that the parties' joint motion demonstrates their controversy over a discovery order has been resolved by a finalized settlement of the underlying dispute. If a controversy no longer exists between the parties, the case becomes moot. *In re Gray*, 578 S.W.3d 212, 213 (Tex. App.—Tyler 2019, no pet.) (mem. op.) (orig. proceeding); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (providing a controversy no longer exists and a case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"). When a judgment "cannot have a practical effect on an existing controversy, the case is moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion." *In re Gray*, 578 S.W.3d at 213. An opinion is advisory when it neither constitutes specific relief to a litigant nor affects legal relations. *See id.*

Accordingly, because the parties resolved the dispute presented in this original proceeding, we grant their joint motion to dismiss, we lift the stay in its entirety, and we dismiss the petition for writ of mandamus as moot. *See id.*; *see also* Tex. R. App. P. 42.1(a).


GINA M. PALAFOX, Justice


January 12, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

2